UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARSHA ANN WOOD,

        Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,
Acting Commissioner of
Social Security,

        Defendant.

Case No. 17-cv-962-pp

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 4)**

---

On July 13, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 4. In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff is not employed, and her only source of income is her spouse's monthly earnings of $2,200. They have a six-year-old daughter, and monthly expenses of $2,002.

The plaintiff explains that they are behind on their electric bill, and the $140 in their checking/savings account is reserved for emergencies. Although the plaintiff's husband has $1,476 in a 401k plan, he cannot withdraw any money from the account because he still owes money from a previous withdrawal. The court concludes from that information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff alleges that the ALJ failed to (1) comply with the requirements of SSR 16-3p in assessing credibility, (2) comply with SSR 96-2 regarding the treating doctor's opinions, (3) provide a residual functional capacity assessment as required by SSR 96-8p for physical and mental impairments, (4) provide a complete hypothetical to the vocational witness, (5) support the decision with substantial evidence, and (6) comply with SSR 82-61 at Step Four regarding her ability to return to past employment and determine whether it was SGA. Dkt. No. 1 at 4. At this early stage in the case, the court

2

concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. (Dkt. No. 4).

Dated in Milwaukee, Wisconsin this 29th day of September, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge